IRVING A. SARTORIUS and Others, General Partners, and Another, Special Partner, Copartners, Doing Business under the Firm Name of SARTORIUS & SMITH, Respondents, *v.* WILLIAM W. COHEN and Another, Copartners, Doing Business under the Firm Name of WILLIAM W. COHEN & COMPANY, Appellants, Impleaded with SAILING W. BARUCH and Another, Copartners, Doing Business under the Firm Name of SAILING W. BARUCH & COMPANY, and Another, Respondents.

First Department, February 3, 1928.

Brokers — produce brokers — customer of plaintiff, one of defendants, was long 10,000 bushels of wheat — customer directed other brokers to sell 20,000 bushels of same wheat — evidence shows that appellants, brokers, were " given up " to extent of 10,000 bushels for account of plaintiffs with whom customer had account — evidence shows that appellants failed to notify plaintiffs — later it was necessary to purchase at higher price to cover and loss resulted — plaintiffs never accepted " give up " transaction — appellants alone are liable for loss — declaratory judgment — court in refusing to decide issues between appellants and customer should have stated reasons under Rules of Civil Practice, rule 212.

The plaintiffs, grain brokers, had as a customer one of the defendants and were carrying 10,000 bushels of wheat long. The customer through other brokers gave an order to sell 20,000 bushels of same wheat and evidence shows that appellants, brokers, were " given up " to extent of 10,000 bushels for account of plaintiffs. A consideration of the evidence establishes that appellants did not immediately notify plaintiffs of the transaction so that they could even their account. Subsequently it was necessary to purchase 10,000 bushels of wheat

to cover and a loss resulted. When the plaintiffs finally were notified of the transaction they refused to accept the " give up " transaction. The appellants, through their failure to notify the plaintiffs of the " give up " transaction, caused the loss and are alone liable therefor.

This is an action for a declaratory judgment and the court in refusing to decide the issues between the customer and the appellants should have stated reasons as required by rule 212 of the Rules of Civil Practice.

PROSKAUER and FINCH, JJ., dissent in part, with opinion.

APPEAL by the defendants, William W. Cohen and another, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 2d day of July, 1926.

The action was brought for a declaratory judgment. (See Civ. Prac. Act, § 473.)

*Irwin M. Berliner* of counsel [*James F. Donnelly* and *Merwin Lewis* with him on the brief; *Olvany, Eisner & Donnelly*, attorneys], for the appellants.

*Edwin A. Falk*, for the plaintiffs, respondents.

*Nathaniel Cohen* of counsel [*Hyman Turchin*, attorney], for the respondents Sailing W. Baruch and Leo Diamond.

*Max Rosenblum,* for the respondent Louis P. Glass.

MERRELL, J. Plaintiffs, members of the New York Stock Exchange, named as parties defendant the appellants, William W. Cohen and Alvin L. Wachsman, copartners, doing business under the firm name and style of William W. Cohen & Company, who are members of the New York Cotton Exchange and of the Chicago Board of Trade, the defendants Sailing W. Baruch and Leo Diamond, engaged in the stock brokerage business and also members of the New York Stock Exchange and other exchanges, and Louis P. Glass.

It is alleged in the complaint that the defendant Glass had an account with the plaintiffs as stockbrokers, and that the defendants Baruch and Diamond claim that on November 9, 1925, they sold 20,000 bushels of December old wheat at the price of $148 per 100 bushels in obedience to instructions from the defendant Glass, and for his account and risk, and that under his instructions the order was executed through a firm known as Stein, Alstrin & Co., and that to the extent of 10,000 bushels of said order the defendants Cohen and Wachsman, doing business under the firm name of William W. Cohen & Company, were " given up " for the account of the plaintiffs with whom Glass had an account. It is further alleged that the defendant William W. Cohen & Company claims that the order was duly given up to it for the account of the plaintiffs and that in the usual course of business the defendant

Cohen duly notified the plaintiffs of the transaction and charged the same to plaintiffs' account. Plaintiffs deny that such notice was given to them and deny that they ever received notice of the alleged transaction and allege that they knew nothing in regard to the same until on December first following the alleged transaction when they received a monthly statement from the defendant Cohen & Company that such sale had been made and charged to plaintiffs' account. Plaintiffs allege that the defendant Glass repudiates the transaction and refuses to accept the same or to have his account with the plaintiffs charged therewith. It is further alleged that on December 31, 1925, the defendant Cohen & Company covered the said transaction by the purchase of 10,000 bushels of December old wheat at the price of $182 per 100 bushels and charged the plaintiffs' account with the difference between the sale and the cost prices, to wit, the sum of $3,426.48. None of the allegations of the complaint are denied by the defendant Cohen & Company save the allegation that the said defendant did not give the plaintiffs due and timely notice of the sale of the 10,000 bushels of wheat and that they had given up the plaintiffs therefor.

The answer of Sailing W. Baruch & Company denies knowledge or information as to all of the material allegations of the complaint. The defendant Glass, in substance, denies all of the allegations of the complaint.

It is stated in the brief of the appellants' attorney that the only question of fact in the case is as to whether the defendant William W. Cohen & Company gave the plaintiffs notice of the sale of the 10,000 bushels of December old wheat. The trial court found that under the evidence the said defendants had failed to establish the giving of such notice. The court specifically found in its decision that " The defendants William W. Cohen & Company did not give the plaintiffs due and/or timely and/or usual notice of said transaction and the plaintiffs had no notice thereof from the defendant William W. Cohen & Company or otherwise until they received the monthly statement of the defendants William W. Cohen & Company covering the month of November, 1925, said monthly statement having been received by the plaintiffs on or subsequent to December 1st, 1925."

It is the contention of the defendant William W. Cohen & Company that such finding is contrary to and against the weight of the evidence. An examination of the evidence leads me to the conclusion that such finding was not against the weight of the evidence, and I think the court was justified by the evidence presented at the trial in finding as a fact that no such notice was ever given. In its decision the court found that at the time of the

transaction in question the defendant Glass had, and at the time of the trial still had, an account with the plaintiffs; that on November 9, 1925, the defendant Baruch & Company sold 20,000 bushels of December old wheat at the price of $148 per 100 bushels under instructions of the defendant Glass and for his account and risk; that said order was executed pursuant to the instructions of Glass through Stein, Alstrin & Co. and to the extent of 10,000 bushels of said order the defendant William W. Cohen & Company was " given up " for the account of the plaintiffs with whom the defendant Glass had an account; that said order to the extent of said 10,000 bushels was duly " given up " by Stein, Alstrin & Co. for Sailing W. Baruch & Company to the defendant William W. Cohen & Company for the account of the plaintiffs; that the defendant William W. Cohen & Company duly received from the defendant Sailing W. Baruch & Company *a report* of the said sale for the defendant Glass through the defendant Sailing W. Baruch & Company and that the plaintiffs were " given up " to the extent of 10,000 bushels through the defendant William W. Cohen & Company. The court also found that the defendant Glass received due, timely and usual notice from the defendant Sailing W. Baruch & Company of the sale of said 10,000 bushels of December wheat, old, at $148 per 100 bushels given up to plaintiffs through the defendant William W. Cohen & Company, and that prior to said sale the defendant Glass was long 10,000 bushels of December wheat, old. The court further found that upon the receipt of the monthly statement from William W. Cohen & Company on or about December 1, 1925, the plaintiffs communicated with the defendant Glass as to said transaction and that said defendant Glass declined and still declines to have his account with the plaintiffs charged therewith. The court further held that the plaintiffs did not at any time accept said " give up " transaction from the defendant Cohen & Company or otherwise and upon receipt of said monthly statement from the defendant Cohen & Company covering the month of November, 1925, and at all times thereafter, declined to have their account with the defendant Cohen & Company charged with said transaction. Upon such findings of fact the court concluded that there was no obligation or liability on the part of the plaintiffs as to any of the defendants by virtue of the premises, and that the plaintiffs' account with the defendant Cohen & Company should not be charged with any item based upon any such alleged obligation or liability; that the defendant Sailing W. Baruch & Company has no obligation or liability as to any of the other defendants or the plaintiffs by virtue of the premises; that the defendant Glass has no obligation or lia-

bility to the plaintiffs by virtue of the premises, and that his account with the plaintiffs should not be charged therewith. The court further found that the liability, if any, by virtue of the premises is at law between the defendant William W. Cohen & Company and the defendant Glass for breach of duty. Judgment was directed by the trial court to be entered in accordance with such findings of fact and conclusions af law.

The appellants contend, first, that the court erred in declining to decide the issues involved in the action between all of the parties herein, and that the court erred in refusing to decide as to the rights between the defendant William W. Cohen & Company and the defendant Glass without stating any reason therefor as required by rule 212 of the Rules of Civil Practice. The appellants also contend that the loss as between the defendant Glass and the defendant Cohen & Company should be borne by the defendant Glass. The appellants also contend that the finding of the trial court that notice was never sent by Cohen & Company to plaintiffs is contrary to the weight of the evidence and that the plaintiffs upon being advised by Glass that the order had been given and that they were to take it up should have made inquiries from Cohen when their own records failed to disclose such transaction; that as between the defendants Cohen & Company and Sailing W. Baruch & Company the latter should stand the loss.

As to the first error which the appellants urge, that the court improperly refused to decide the issues as between two of the parties to the action, the appellants call attention to the provisions of rule 212 of the Rules of Civil Practice to the effect that " if, in the opinion of the court, the parties should be left to relief by existing forms of actions, or for other reasons, it may decline to pronounce a declaratory judgment, stating the grounds on which its discretion is so exercised." It is the contention of the appellants that the court in relegating the determination of the liability between the defendants Cohen & Company and Glass for settlement in an action at law was improper without the court stating the grounds upon which it refused to pronounce a declaratory judgment as between said defendants. We agree with such contention of the appellants. No reason is suggested by the trial court for the exercise of its discretion in declining to pronounce a declaratory judgment as between said defendants. We are further of the opinion that under the proven facts the defendant, appellant, William W. Cohen & Company and not the defendant Glass should, bear the loss which the appellant has sustained in the transaction. Unless the appellant, Cohen & Company, gave to the plaintiffs due and timely notice of the transaction there can be no recovery as against the plaintiffs or the

defendant Glass. Glass was not a broker. He was merely a customer of the plaintiffs and when he gave directions to sell the said 10,000 bushels of wheat he had a right to assume that the defendant, appellant, would communicate his order to the plaintiffs whom he had directed be given up to that extent. We think the rights, therefore, of the defendant, appellant, are wholly dependent upon the giving to the plaintiffs notice of the transaction. While the appellants sought to prove the giving to the plaintiffs of written notice, the proofs which they offered in this respect were far from satisfactory, and were entirely overcome by positive proof offered by plaintiffs that no such notice was ever received by them. No reason is apparent why the plaintiffs, if notified, should not have charged the account of the defendant Glass therewith. Any presumption of the notice having been given arising from the testimony offered by the defendants, appellants, was overcome by the evidence of the plaintiffs that no such notice was received. That this is so was borne out by the admission of counsel for the defendants, appellants, upon the trial when the attorney for plaintiffs offered to admit that in the course of business Cohen & Company sent out the usual notice to the plaintiffs, provided the defendants, appellants, would stipulate that plaintiffs never received such notice. This offer was refused, counsel for the defendants saying: "We cannot do that, because once we stipulate that our notice is not any good." The evidence shows that Glass acted honestly and in good faith in the transaction. Glass testified that on or around November twentieth he called Mr. Lewis Levine, a member of the plaintiffs' firm, on the telephone and asked for his position in wheat, and that Levine replied that he was long 10,000 bushels December wheat. Glass responded that his position showed that he was even on wheat with him (meaning plaintiffs) and that Levine replied that he had no record of it; that he then said to Levine: " Call me back in a few minutes, or as soon as you can, and tell me what my position is, just how it stands, and if you received a sale from W. W. Cohen when I sold it." Glass testified that Levine called him back and said that his books showed that no transaction or sale of December wheat had been made for him. Glass further testified that about November twenty-third he again called Levine on the telephone and said to him: " If you say that I am long on wheat you better sell me out; I want to take another position. Make sure that you did not sell the same contract twice." Glass testified that thereafter and about November twenty-third the 10,000 bushels of December wheat which he was long with the plaintiffs was sold closing his account with the plaintiffs. When Glass gave his order to sell the 10,000 bushels of December old wheat and to give up the plaintiffs

therefor, he had a right to believe that, in the ordinary course of business, his directions would be carried out. He believed that his directions were followed when he had the above-quoted conversation over the telephone with the plaintiff Levine. When Levine informed him that plaintiffs had no record of any such transaction he had a right to assume that the transaction had not been carried through as he had been notified by Baruch & Company and that the defendants, appellants, had failed to give the usual notice thereof to the plaintiffs. He thereupon directed that his account with the plaintiffs be closed out. Disregarding the finding of the trial court that the defendants, appellants, did not give to the plaintiffs due and timely notice of the transaction, the defendant Glass can in no way be held responsible for the loss which occurred. Glass was long 10,000 bushels of wheat at the time that he ordered the sale of that quantity. When he was informed by Baruch & Company that such sale had taken place he had a right to assume that his position with the plaintiffs, with whom his account stood, was even. As the court found that the defendants, appellants, who had given up to the extent of 10,000 bushels, did not notify the plaintiffs of the sale, the loss, which took place by the defendants, appellants, thereafter covering the sale by purchasing in the last days of December 10,000 bushels of wheat, must be borne by them. If, in fact, Cohen & Company did notify the plaintiffs, as they claim, and the plaintiffs neglected to record the transaction and charge to the account of Glass, then the plaintiffs should stand the loss. The only question, therefore, is whether the plaintiffs or the defendants, appellants, should bear the loss, and the court, as I have said, upon sufficient evidence has held that no such notice was given by the defendants, appellants, to the plaintiffs, respondents. Therefore, the defendants, appellants, must suffer the loss for which their failure to give notice of the transaction to plaintiffs was alone responsible. We think the trial court improperly declined to adjudicate the rights as between the defendant Cohen & Company and the defendant Glass, and that in addition to the declaratory judgment rendered the court should have found and decided that the defendant William W. Cohen & Company should alone bear the loss sustained by them.

The provision of the judgment to the effect that the liability, if any, by virtue of the facts found in the decision made herein is at law between the defendant William W. Cohen & Company and the defendant Glass for a breach of duty should be stricken out, and in place thereof the judgment should provide that the defendants, appellants, have no recovery against any other party to the action, and that the plaintiffs, respondents, have the costs

of the action and the costs and disbursements of this appeal against the defendants, appellants.

DOWLING, P. J., and McAVOY, J., concur; FINCH and PROSKAUER, JJ., dissent.

PROSKAUER, J. (dissenting). I agree with the majority of the court that the trial justice should have determined the controversy between Cohen & Company and Glass. I dissent from the holding that as between these parties the loss must be borne by Cohen & Company. It should be borne by Glass.

Cohen & Company sold 10,000 bushels of wheat on behalf of Glass. Glass would have been entitled to the profit, if any, and is required to bear the loss on this transaction unless Cohen & Company have absolved him from this obligation. I assume the correctness of the finding of the trial court that Cohen & Company failed to give notice of the sale to Sartorius & Smith. It is undisputed, however, that notice of the sale by Cohen & Company was given to Glass. Glass desired to be even with the market. At the moment he received this notice he was necessarily even with the market, whether Cohen & Company notified Sartorius & Smith or not. If Cohen & Company had properly notified Sartorius & Smith that the sale made by them was in effect the sale of the 10,000 bushels of wheat held by Sartorius & Smith for Glass, the two transactions were matched and Glass was neither long nor short of the market. If, as found below, they did not give the notice to Sartorius & Smith, Glass was still even with the market, for he was long 10,000 bushels with Sartorius & Smith and short 10,000 bushels with Cohen & Company. If he did nothing, he could neither make nor lose. When the time for delivery came, Cohen & Company would have demanded coverage from Glass and he would have again instructed them to cover with the 10,000 bushels held for him by Sartorius & Smith. In this situation Glass interfered and caused his own loss. Being told by Sartorius & Smith that they had received no notice of sale from Cohen & Company, he made no inquiry whatever of Cohen & Company, though he had been advised that they had sold for his account. Taking all the risk himself, he arbitrarily ordered Sartorius & Smith to sell the 10,000 bushels held by them for him. The damage which he suffered thereby was not caused by the omission of Cohen & Company to notify Sartorius & Smith of their sale; it was caused by the independent act of Glass in ordering Sartorius & Smith to sell their 10,000 bushels, when he had already been told that Cohen & Company had sold 10,000 bushels for him. His second sale of 10,000 bushels of wheat, therefore, was made deliberately by him and the loss should fall on him.

For these reasons the judgment should be modified by declaring that Glass is liable to Cohen & Company for the amount of their loss upon the coverage of their sale of 10,000 bushels of wheat.

FINCH, J., concurs.

Judgment modified as directed in opinion. Settle order on notice.